NO. 07-10-0493-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 26, 2011

_____

IN RE: LUIS AGUILAR,

Relator

_____

ORIGINAL PROCEEDING
_____

Before QUINN, C.J.. and CAMPBELL and PIRTLE, JJ.

**DISSENTING OPINION**

The majority finds that Relator, Luis Aguilar, has an adequate remedy at law through appeal and, accordingly, denies his request for either a writ of mandamus or a writ of prohibition. I respectfully disagree.

In the Justice of the Peace Court in and for Potter County, Texas, Relator sued the Real Party in Interest, Dutcher's Auto Collision Repair, L.L.C., for breach of contract concerning repairs to his vehicle. On May 12, 2010, following a bench trial on the merits, the Justice of the Peace Court rendered judgment disposing of both the

Relator's claims and the Real Party in Interest's counterclaims. On May 24, 2010, the court signed an order granting Plaintiff's motion for new trial. Subsequently, on June 10, 2010, the court signed a written judgment memorializing its original judgment of May 12. The Real Party in Interest then appealed the case to the Potter County Court at Law No. 2 by the filing of an appeal bond on June 21, 2010. On November 8, 2010, the Potter County Court at Law No. 2 entered an order remanding the case to the Justice of the Peace Court for a trial on the merits. Relator now seeks to have this Court direct the Potter County Court at Law No. 2 to vacate its order of November 8 or prohibit that court from remanding this case to the Justice of the Peace Court for a retrial.

## Analysis

In order to be entitled to relief by writ of mandamus or writ of prohibition, a relator must meet two requirements: one is to show that the trial court clearly abused its discretion, and the other is to show that it has no adequate remedy by appeal. *In re Ford Motor Co.,* 988 S.W.2d 714, 718 (Tex. 1998) (orig. proceeding); *Walker v. Packer,* 827 S.W.2d 833, 840-44 (Tex. 1992) (orig. proceeding). "An appellate remedy is 'adequate' when any benefits to mandamus review are outweighed by the detriments." *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding).

An aggrieved party may appeal a justice court judgment to the county court. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.001 (West 2008). The result is a trial *de novo.* Tex. R. Civ. P. 574b. An appeal of a justice court judgment is perfected "[w]hen the

2

bond, . . . , provided for in the rules applicable to justice courts, has been filed and the previous requirements have been complied with . . . ." Tex. R. Civ. P. 573. The appeal bond must be filed within ten days after the date the judgment in question is signed. Tex. R. Civ. P. 571. In computing the ten day period prescribed by Rule 571 for the filing of an appeal bond, when the last day of the period is a Sunday, the period runs until the end of the next day which is not a Saturday, Sunday, or legal holiday. Tex. R. Civ. P. 4.

Thus, for the Real Party in Interest in this case to appeal the June 10 judgment of the Justice of the Peace Court, it was required to file an appeal bond by June 20. Because June 20, 2010, was a Sunday, the appeal bond filed on June 21 was timely. The timely filing of the appeal bond had the effect of vesting the Potter County Court at Law No. 2 with jurisdiction to conduct a trial *de novo.* Because the Potter County Court at Law did not have jurisdiction to remand the case to the justice court, much less appear to authorize a retrial, it abused its discretion by attempting to do so.

In this situation, appellate review is inadequate because the benefits of mandamus and/or prohibition greatly outweigh the detriments. This is so because (1) a county court's jurisdiction, as invoked by an "appeal" from a justice court, does not include the authority to review the propriety of the justice court's ruling and to "remand" this case for a trial on the merits, Tex. Civ. Prac. & Rem. Code Ann. § 51.001 (West 2008), Tex. R. Civ. P. 574b; (2) even if the case were remanded and retried, either party

3

would still be entitled to trial *de novo* before the same county court simply by perfecting another "appeal" following the same procedures, resulting in a duplication of proceedings and the waste of valuable judicial time and resources; (3) remanding a cause to justice court for retrial effectively establishes a circulative procedure whereby a case could never reach a judgment which is ultimately final and appealable to this Court; and (4) the granting of mandamus or prohibition relief will not result in any, or at most, negligible detriment to the parties.

## Conclusion

Because I find that the Potter County Court at Law abused its discretion in remanding this case to the justice court for retrial, and because I find that Relator has no adequate remedy at law, I would conditionally grant Relator's petition for writ of mandamus and/or writ of prohibition based on the refusal of the Potter County Court at Law to vacate its order of November 8, 2010, and proceed appropriately to a determination of the merits of the pending action after the remand is vacated.


Patrick A. Pirtle
Justice


4